UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLES A. TROUPE, | ) | CASE NO. 1:08 CV 1108 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| WILLIAM D. MASON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 1, 2008, pro se plaintiff Charles A. Troupe filed the above-captioned action under 42 U.S.C. § 1983 against Cuyahoga County Prosecutor William D. Mason, Cuyahoga County Coroners Dr. Robert Challener and Dr. Elizabeth Balraj, Federal Bureau of Investigation ("FBI") Agent James Hardnet, and "any and all unknown state/ federal officers or agents." (Compl. at 1.) He requests removal of his closed criminal case to this federal court.

## Background

Mr. Troupe was convicted in Cuyahoga County of capital murder on January 1999. He maintains his innocence to the charges. He claims that during his trial the prosecution failed to disclose exculpatory evidence in its possession. He indicates that there exists an audio tape of a

conversation between himself and FBI Agent Hardnet where Agent Hardnet allegedly confessed to framing him for botching a drug sale which made the undercover narcotics officer appear in a negative light. He states that although his attorney requested discovery, the tape was not disclosed. He further contends that Dr. Balraj altered the victim's death certificate to reflect the cause of death as murder. He filed a Motion for a New Trial based on newly discovered evidence. Mr. Troupe states that the Ohio courts will not provide him with relief. He requests that his criminal case and the Motion for a New Trial be removed to this federal court.

### Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1441, which governs civil actions removable from state court, provides that a defendant in a civil action may seek removal of that action to federal court only when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441. The action which Mr. Troupe seeks to remove is a criminal case, not a civil case. This court would not have

2

original jurisdiction over the trial of a state capital murder case. In addition, even if this matter were within the subject matter jurisdiction of this court, Mr. Troupe's removal attempt would be untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a copy of the initial pleading or within 30 days after service of summons upon the defendant if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter. 28 U.S.C. § 1446(b). Although it is not clear when Mr. Troupe was served with his indictment, he was convicted on the murder charges in January 1999. It is evident that his criminal case was brought over nine years ago. The time period for filing a removal action has expired.

Moreover, this court could not consider his claims even if they were raised as part of a civil rights action under 42 U.S.C. § 1983. A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Troupe's claim that the state withheld potentially exculpatory evidence clearly challenges the validity of his conviction. Consequently, he must also allege that his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not made these allegations. His claims must therefore be dismissed.

## Conclusion

Accordingly, this action is dismissed under 28 U.S.C. § 1915A. The court certifies,

3

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 30, 2008

---

[1]     28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

4